**Attorney ID — TG-3528**
**Todd J. Gelfand, Esquire**
**BARKER, GELFAND, JAMES & SARVAS**
A PROFESSIONAL CORPORATION
Linwood Greene, Suite 12
210 New Road
Linwood, New Jersey 08221
(609) 601-8677
TGelfand@BarkerLawFirm.net


Attorney for Defendants, Joseph Johnson, Paul Psensky (mis-identified in the caption as "**Psenski**"), Curt (mis-identified in the caption as "**Curtis**") Catalano, the Borough of Penns Grove and Borough of Penns Grove Police Chief John T. Stranahan (mis-identified in the caption as "**Stranhan**")

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMON ALVARADO,<br><br>            Plaintiff,<br><br>                        vs.<br><br>JOSEPH JOHNSON, NATE PINO, PAUL PSENSKI, CURTIS CATALANO, JOHN DOES 1-25 (fictitious names), BOROUGH OF PENNS GROVE, BOROUGH OF PENNS GROVE POLICE CHIEF JOHN T. STRANHAN, SR., JOHN DOES 26-50 (fictitious names),<br><br>            Defendants. | Docket Number<br>1:19-cv-18574-JHR-JS<br>Civil Action<br><br><br>**PARTIAL MOTION TO DISMISS BY DEFENDANTS** |

## TABLE OF CONTENTS

I.    PREAMBLE....................................................1

II.   LEGAL ARGUMENT..............................................1

      A. Standard of Review ......................................1

      B. Plaintiff's tort claims should be dismissed because
         Plaintiff has not pled that he filed a timely notice
         of tort claim ...........................................4

      C. All 42 U.S.C. 1983 claims against the Defendant officers
         in their official capacities should be dismissed ........6

      D. Plaintiff's municipal liability claim is insufficiently
         pled and should therefore be dismissed ..................7

      E. Plaintiff's claim for punitive damages against the
         Borough of Penns Grove should be dismissed with prejudice
         as a matter of law ......................................11

III.  CONCLUSION.................................................12

i

## TABLE OF CITATIONS

Ashcroft v. Iqbal,
    556 U.S. 662, 663 (2009)...................................2
    556 U.S. 662, 678 (2009).............................2,3,9
    556 U.S. at 678..........................................3

Bd. Of County Com'rs of Bryan County, Okl. V. Brown,
    520 U.S. 397, 410 (1997).................................8

Badalamente v. Monmouth County Prosecutor's Office,
    2011 U.S. Dist. LEXIS 53457, at *8 (D.N.J. May 17, 2011)
    ........................................................4

Baez v. Lancaster County,
    487 Fed. Appx. 30, *32 (3d Cir. July 2, 2012)............7

Beck v. City of Pittsburgh,
    89 F.3d 966, 971 (3d Cir. 1996).........................8

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544, 555, (2007)...............................2
    550 U.S. 544 (2007).....................................2
    550 US at 557...........................................3

Bethea v. Roizman,
    2012 U.S. Dist. LEXIS 89093, at *52 (D.N.J. June 27,
    2012)...................................................5

Borrello v. Elizabeth Bd. of Educ.,
    2014 U.S. Dist. LEXIS 97345, *7 (D.N.J. July 17, 2014).....3

Castillo-Perez v. City of Elizabeth,
    2014 U.S. Dist. LEXIS 55315, at *37 (D.N.J. Apr. 21,
    2014)...................................................5

City of Newport v. Fact Concerts, Inc.,
    453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616
    (1981)..................................................11

City of Oklahoma City v. Tuttle,
    471 U.S. 808, 823-24 (1985).............................10

Connick v. Thompson,
    563 U.S. 51 (2011)......................................8

ii

<u>Damiani v. West Deptford</u>,
      2008 U.S. Dist. LEXIS 17581, at *11-12 (D.N.J. March 7,
            2008)..............................................11

<u>Grandizio v. Smith</u>,
      2015 U.S. Dist. LEXIS 133, at *15 (D.N.J. January 5,
            2015)..............................................9

<u>In re K-Dur Antitrust Litig.</u>,
      338 F. Supp. 2d 517, 529 (D.N.J. 2004)...................2

<u>In re Nice Sys., Ltd. Sec. Litig.</u>,
      135 F. Supp. 2d 551, 565 (D.N.J. 2001)...................3

<u>Ingram v. Twp. of Deptford</u>,
      858 F. Supp. 2d 386, 400 (D.N.J. 2012)...................4
      911 F. Supp. 2d 289, 300-303 (D.N.J. 2012)..............9,10

<u>Kean v. Henry</u>,
      523 Fed. Appx. 879, 882 (3d Cir. April 30, 2013)...........7

<u>Kentucky v. Graham</u>,
      473 U.S. 159, 166, (1985).................................7

<u>Kiriakdis v. Borough of Vintondale Police Dep't</u>,
      2013 U.S. Dist. LEXIS 138146, at *20 n.5 (W.D. Pa. Sep.
            26, 2013)..........................................7

<u>Komis v. Owens</u>,
      2016 U.S. Dist. LEXIS 158346, at *3 (D.N.J. Nov. 16,
            2016)..............................................5

<u>McCullough v. City of Atlantic City</u>,
      137 F. Supp. 2d 557, 570 (D.N.J. 2001)..................11

<u>McTernan v. City of York, Pa.</u>,
      564 F.3d 636, 657 (3d Cir. 2009).........................8

<u>Miles v. City of Phila.</u>,
      2013 U.S. Dist. LEXIS 3843, at *13 (E.D. Pa. January 10,
            2013)..............................................9

<u>Monell v. New York City Dep't of Soc. Servs.</u>,
      436 U.S. 658, 691 (1978)................................8,9

<u>Murdock v. Borough of Edgewater</u>,
    2011 U.S. Dist. LEXIS 126428, at *48-49 (D.N.J. November
        2, 2011).............................................10

<u>Niblack v. Malbreen</u>,
    2016 U.S. Dist. LEXIS 54675, at *10 (D.N.J. Apr. 25,
        2016)...............................................5

<u>Scott v. N.J. State Police</u>,
    2015 U.S. Dist. LEXIS 92448, at *4-5 (D.N.J. July 16,
        2015)...............................................6

<u>Williams v. City of Elizabeth</u>,
    2010 U.S. Dist. LEXIS 93921, 2010 WL 3636238, at *12
        (D.N.J. Sept. 9, 2010).............................5

## I.      PREAMBLE

The Defendants hereby move for partial dismissal of certain claims in the Complaint. Plaintiff, Ramon Alvarado, alleges that on two occasions, June 14, 2018 and September 22, 2018, Borough of Penns Grove assaulted and falsely arrested him. As will be explained in detail below, several of Plaintiff's claims should be dismissed.

First, Plaintiff's tort claims should be dismissed because Plaintiff did not file a timely notice of tort claim. Second, Plaintiff's official capacity claim against Chief Stranahan (and the other Defendant officers to the extent they are being sued in their official capacities), should be dismissed with prejudice as they are duplicative of Plaintiff's claim against the Borough of Penns Grove. Third, Plaintiff's municipal liability claim (Count Nine) against the Borough of Penns Grove and Chief Stranahan should be dismissed without prejudice because it is not sufficiently pled. Finally, Plaintiff's punitive damages claim against the Borough of Penns Grove should be dismissed without prejudice because punitive damages are not available against a municipality.

## II.   LEGAL ARGUMENT

### A.      <u>Standard of Review</u>

Defendants move for dismissal in accord with Fed. R. Civ. P. 12(c). Motions to dismiss pursuant to Fed. R. Civ. P. 12(c) are governed by the same standards as motions brought pursuant to Fed.

R. Civ. P. 12(b)(6). <u>In re K-Dur Antitrust Litig.</u>, 338 F. Supp. 2d 517, 529 (D.N.J. 2004). A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in fact)." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, (2007) (internal citations omitted). Furthermore:

> "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, … a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

<u>Id.</u> (internal citations omitted).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009). As the Court held in <u>Bell Atlantic Corp., et al. v. Twombly et. al.</u>, 550 U.S. 544 (2007), the pleading standard Rule 8 demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. <u>Id.</u> at 555; (internal citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) <u>citing</u>, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, (2007). Nor does a complaint

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) citing, Twombly, 550 US at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 US 662, 678 (2009) (internal citations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

"[L]egal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness." Borrello v. Elizabeth Bd. of Educ., 2014 U.S. Dist. LEXIS 97345, *7 (D.N.J. July 17, 2014), citing, Iqbal, 556 U.S. at 678; In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

**B.** **Plaintiff's tort claims should be dismissed because Plaintiff has not pled that he filed a timely notice of tort claim.**

Plaintiffs' tort claims, the Ninth through Twelfth Counts of the Complaint, should be dismissed because Plaintiff does not allege that she complied with the notice requirements of the New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. § 59:8-1. The NJTCA provides that "[n]o action shall be brought against a public entity or public employee under [the NJTCA] unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J.S.A. § 59:8-3. Chapter 8 of the NJTCA requires a claimant to file a Notice of Claim. Id. at § 59:8-4. The notice must be signed and filed with the public entity within 90 days of the accrual of the cause of action. Id. at § 59:8-8. "The claimant shall be forever barred from recovering against a public entity or employee if . . . [he] failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9." Badalamente v. Monmouth County Prosecutor's Office, 2011 U.S. Dist. LEXIS 53457, at *8 (D.N.J. May 17, 2011).

In the instant case, the Complaint fails to allege any facts to suggest that Plaintiff complied with the notice requirement of the NJTCA and therefore Plaintiff's tort claims: assault and battery (Count Six), malicious prosecution (Count Seven), and negligence (Count Eight), should be dismissed. See, e.g., Ingram

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

v. Twp. of Deptford, 858 F. Supp. 2d 386, 400 (D.N.J. 2012) ("It is undisputed that the Defendants are public entities and employees and therefore, the notice provisions of the NJTCA apply to Plaintiff's tort claims. The Plaintiff's complaint does not allege that she filed notice in accordance with the statute. Therefore, the Plaintiff's complaint fails to state a claim for negligence and assault and battery and must be dismissed."); Castillo-Perez v. City of Elizabeth, 2014 U.S. Dist. LEXIS 55315, at *37 (D.N.J. Apr. 21, 2014) ("A state malicious prosecution claim is 'subject to the notice requirements of the [NJ]TCA.'"), quoting, Williams v. City of Elizabeth, 2010 U.S. Dist. LEXIS 93921, 2010 WL 3636238, at *12 (D.N.J. Sept. 9, 2010); Komis v. Owens, 2016 U.S. Dist. LEXIS 158346, at *3 (D.N.J. Nov. 16, 2016) (dismissing the plaintiff's negligence claim for failure to plead facts to suggest compliance with the NJTCA notice requirement); Bethea v. Roizman, 2012 U.S. Dist. LEXIS 89093, at *52 (D.N.J. June 27, 2012) ("The Plaintiffs' tort claims will be dismissed against the DCA Defendants as the Plaintiffs have failed to plead compliance with the notice requirements of the NJTCA."); Niblack v. Malbreen, 2016 U.S. Dist. LEXIS 54675, at *10 (D.N.J. Apr. 25, 2016) ("Under New Jersey law, Plaintiff is required to file the notice of claims before he initiates any state law tort action against Moving Defendants. See N.J.S.A. § 59:8-3. As such, Plaintiff must demonstrate, at the time he filed the Complaint, that such notice

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

of claims had already been served."); <u>Scott v. N.J. State Police</u>, 2015 U.S. Dist. LEXIS 92448, at *4-5 (D.N.J. July 16, 2015) ("[The plaintiff] has failed to plead compliance with the NJTCA and his tort claims must be DISMISSED WITH PREJUDICE.").

Plaintiff has confirmed through counsel that there was no Tort Claims Act notice served for compliance with the notice requirement of the NJTCA. Thus, Plaintiff's tort claims, requirement of the NJTCA and therefore Plaintiff's tort claims: assault and battery (Count Six), malicious prosecution (Count Seven), and negligence (Count Eight), should be dismissed without prejudice.

### C. <u>All 42 U.S.C. 1983 claims against the Defendant officers in their official capacities should be dismissed.</u>

Plaintiff's claims against the Defendant officers in their official capacities are duplicative of Plaintiffs' claims against Borough of Penns Grove and should therefore be dismissed. While the Complaint make clear that Chief Stranahan is being sued in his official and individual capacity (See Plaintiff's Complaint filed on October 1, 2019, para. 44), it is not clear the extent to which the other Defendant officers are being sued in both their individual and official capacities. To the extent the Defendant officers are being sued in their official capacities, those claims should be dismissed. The Supreme Court has held that it is redundant to allege claims against both a municipality and against

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

its officers in their official capacities, as the latter necessarily implicates the former. See, <u>Kentucky v. Graham</u>, 473 U.S. 159, 166, (1985); <u>see also</u>, <u>Baez v. Lancaster County</u>, 487 Fed. Appx. 30, *32 (3d Cir. July 2, 2012) ("The claim against Warden Guarini in his official capacity is duplicative of the suit against the County. As a result, summary judgment was properly granted in favor of the County and Warden Guarini in his official capacity."); <u>see also</u>, <u>Kean v. Henry</u>, 523 Fed. Appx. 879, 882 (3d Cir. April 30, 2013). As the above cited case law demonstrates, Plaintiff's 42 U.S.C. 1983 claims against the Defendant officers are duplicative of Plaintiff's municipal liability claims against the Borough of Penns Grove should therefore be dismissed.

**D.** **<u>Plaintiff's municipal liability claim is insufficiently pled and should therefore be dismissed.</u>**

Plaintiff's Count Nine, a municipal liability claim pursuant to 42 U.S.C. 1983 against the Borough of Penns Grove and Chief John T. Stranahan, should be dismissed. First, as explained above, the municipal liability claim against Callahan in his official capacity is duplicative of the municipal liability claim against Borough of Penns Grove itself. Second, Plaintiff "cannot demand judgment against a police officer in his individual capacity under a § 1983 municipal liability theory." <u>Kiriakdis v. Borough of Vintondale Police Dep't</u>, 2013 U.S. Dist. LEXIS 138146, at *20 n.5

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

(W.D. Pa. Sep. 26, 2013). Third, as will be explained below, Plaintiff's municipal liability claim is insufficiently pled.

Under 42 U.S.C. § 1983, municipalities cannot be held liable on a *respondeat superior* theory. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, a municipality can only be held liable under § 1983 "when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." McTernan v. City of York, Pa., 564 F.3d 636, 657 (3d Cir. 2009), quoting, Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996)). "The plaintiff must show that (1) a policymaker had (2) notice that a constitutional violation was likely to occur, (3) acted with deliberate indifference to the risk, and (4) the failure to act caused the constitutional violation." Connick v. Thompson, 563 U.S. 51 (2011). "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id., quoting, Bd. Of County Com'rs of Bryan County, Okl. V. Brown, 520 U.S. 397, 410 (1997).

In the instant case, Plaintiff's Monell claim fails because it is insufficiently pled.

> *Plaintiff may not simply include a Monell claim in his Complaint as a matter of course by making the conclusory allegation that the alleged constitutional deprivations were due to a policy or custom of the Borough. Rather,*

---

BARKER, GELFAND, JAMES & SARVAS • A PROFESSIONAL CORPORATION • LINWOOD, NEW JERSEY 08221

*Plaintiff must allege some actual facts suggesting as much.*

Grandizio v. Smith, 2015 U.S. Dist. LEXIS 133, at *15 (D.N.J. January 5, 2015); see also, Ingram v. Twp. of Deptford, 911 F. Supp. 2d 289, 300-303 (D.N.J. 2012)(explaining that while a complaint "need not necessarily plead all details of the prior acts giving rise to the municipality's unconstitutional policy or custom," the Complaint must provide sufficient factual content for the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged"), citing, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint which "offers only bald assertions that discriminatory policies or customs existed without any support that would suggest that what allegedly happened to [the plaintiff] was not the result of idiosyncratic actions of individual public actors" is not sufficiently pled and should be dismissed. Miles v. City of Phila., 2013 U.S. Dist. LEXIS 3843, at *13 (E.D. Pa. January 10, 2013) (dismissing the plaintiff's Monell claims on a 12(b)(6) motion as insufficiently pled because plaintiff's complaint alleged no facts to suggest an illegal policy or custom but merely made the conclusory allegation that alleged violations were due to an illegal custom or policy).

Furthermore, "the Supreme Court stated that '[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell' when the municipal actor does not

have policymaking authority." <u>Ingram</u>, 911 F. Supp. 2d at 300-03.
<u>quoting</u>, <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823-24
(1985); <u>see also</u>, <u>Murdock v. Borough of Edgewater</u>, 2011 U.S. Dist.
LEXIS 126428, at *48-49 (D.N.J. November 2, 2011) ("Usually, one
incident is not sufficient to establish a custom that can give
rise to municipal liability. Instead, plaintiff needs to show that
officials, such as [the police chief], were aware of a number of
similar constitutional violations by the [municipality's] police
officers and knew of ways to prevent them, but either deliberately
chose not to pursue these alternatives or acquiesced in a
longstanding policy or custom of inaction in this
regard.")(*internal quotations and citations omitted*).

In the instant case, Plaintiff's Complaint fails to any
actuals facts to suggest that any of the alleged constitutional
violations suffered by Plaintiff were the result of an illegal
custom or policy of the Borough of Penns Grove.  The Complaint
merely offers conclusory allegations and recitations of the cause
of action and offers no factual enhancement whatsoever. Thus,
Plaintiff's municipal liability claims do not satisfy the
<u>Twombly</u>/<u>Iqbal</u> pleading standard and should therefore be dismissed
without prejudice.

**E.   Plaintiff's claim for punitive damages against the Borough of Penns Grove should be dismissed with prejudice as a matter of law.**

Plaintiff seeks punitive damages against the Borough of Penns Grove. (See Plaintiff's Complaint filed October 1, 2019, Count Nine "wherefore" clause, page 10). Any such punitive damages claim against the Borough of Penns Grove should be dismissed with prejudice as matter of law. Punitive damages are not available against a municipality pursuant to 42 U.S.C. § 1983. <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981); <u>McCullough v. City of Atlantic City</u>, 137 F.Supp. 2d 557, 570 (D.N.J. 2001). Furthermore, Public entities are also immune from punitive damages under the NJCRA. <u>See</u>, <u>Damiani v. West Deptford</u>, 2008 U.S. Dist. LEXIS 17581, at *11-12 (D.N.J. March 7, 2008). In the instant case, it appears Plaintiff's only municipal liability claim is being asserted under 42 U.S.C. 1983. Nonetheless, as the above case law makes clear, even if the Complaint could read as asserting a municipal liability claim against the Borough of Penns Grove under the NJCRA, such a claim is not viable. Thus, Plaintiff's punitive damages claims against the Borough of Penns Grove should be dismissed with prejudice as a matter of law.

## III. CONCLUSION

For the reasons set forth above, it is respectfully requested that the Court:

- Dismiss all of Plaintiff's tort claims (Count Six, Count Seven, and Count Eight) without prejudice;

- Dismiss all Plaintiff's official claims against the individual Defendant officers with prejudice;

- Dismiss Plaintiff's punitive damages claim against the Borough of Penns Grove with prejudice;

- Dismiss Plaintiff's municipal liability claim (Count Nine) against the Borough of Penns Grove and Defendant Stranahan without prejudice.

Respectfully Submitted,

**BARKER, GELFAND, JAMES & SARVAS
a Professional Corporation**


By:  s/Todd J. Gelfand
     Todd J. Gelfand, Esquire

Dated: May 5, 2020