UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAMON ALVARADO, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | |
| | : | Civil Action No. 19-18574 |
| v. | : | |
| | : | OPINION |
| JOSEPH JOHNSON, NATE PINO, PAUL PSENSKI, CURTIS CATALANO, JOHN DOES 1-25 (fictitious names), BOROUGH OF PENNS GROVE, BOROUGH OF PENNS GROVE POLICE CHIEF JOHN T. STRANAHAN, SR., JOHN DOES 26-50 (fictitious names), | : : : : | |
| Defendants. | : | |
| | : | |

This case comes before the Court upon the Partial Motion to Dismiss filed by Defendants, Joseph Johnson, Nate Pino, Paul Psenski, Curtis Catalano, John Does 1-25 (Fictitious Names), Borough Of Penns Grove, Borough Of Penns Grove Police Chief John T. Stranahan, Sr., John Does 26-50 (fictitious names). [Dkt. No. 15.] The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Fed. R. Civ. Pro. 78. For the reasons set forth below, Defendants' Motion [Dkt. No. 15] will be granted.

## Background

Plaintiff brings his claims following two interactions with police. The following are the relevant facts taken from Plaintiff's complaint and, for the purpose of deciding this Motion, regarded as true:

> At all relevant times alleged herein, Plaintiff, Ramon Alvarado, was a resident of the Borough of Penns Grove.

1

> The incidents in question took place on June 14, 2018, at 9:00 a.m. on Iona Avenue and September 22, 2018, at 2:00 p.m. on Wintergreen Lane, respectively, both in the Borough of Penns Grove.
>
> On June 14, 2018, Plaintiff, Ramon Alvarado, was assaulted by one or more of the individually named defendant Police Officers, including the use of flashlight(s) and baton(s) as well as being restrained by handcuffs at the time.
>
> On September 22, 2018, Plaintiff, Ramon Alvarado, was assaulted by one or more of the individually named defendant Police Officers, including the use of flashlight(s) and baton(s) as well as being restrained by handcuffs at the time.
>
> As a direct and proximate result of the assaults, plaintiff was caused to suffer various personal injuries, including but not limited to lacerations, concussion, right hand, right arm, fractured ribs, swollen ankles and the loss of 2 teeth, specifically as a result of a punch to the mouth by Defendant Officer Joseph Johnson (June 14, 2008) and lacerations, lumbar spine, pinched nerve in cervical spine and a punctured eardrum (September 22, 2018) as well as emotional distress from both incidents.
>
> [Dkt. No. 1, ¶¶ 14-18.]

The instant complaint was entered on October 1, 2019. [See generally Dkt. No. 1.]

## Standard of Review

Defendants move for dismissal in accord with Federal Rule of Civil Procedure 12(c). Motions to dismiss pursuant to FED. R. CIV. P. 12(c) are governed by the same standards as motions brought pursuant to FED. R. CIV. P. 12(b)(6). See In re K-Dur Antitrust Litig., 338 F. Supp. 2d 517, 529 (D.N.J. 2004).

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation omitted); see also FED. R. CIV. P. 8(a)(2). While a court must accept as true all allegations in a plaintiff's complaint, and view them in the light most favorable to the plaintiff, Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. Phillips, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" Ashcroft, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555.)

## Discussion

Defendants argue, (1) Plaintiff's tort claims should be dismissed because Plaintiff has not pleaded that he filed a timely notice of tort claim under the New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. § 59:8-1; (2) all 42 U.S.C. § 1983 claims against the defendant officers in their official capacities should be dismissed because each is

3

duplicative; (3) Plaintiff's municipal liability claim should be dismissed because it is insufficiently pleaded; and (4) Plaintiff's claim for punitive damages against the Borough of Penns Grove should be dismissed as a matter of law. The Court will analyze each in turn.

### I.     Timely Notice of Tort Claim Under NJTCA

Defendants argue that the state tort claims must be dismissed because Plaintiff failed to give timely and proper pre-suit notice as required by the NJTCA.[1]

Generally, the NJTCA requires that notice of a claim of injury against a public entity be provided "no later than the 90th day after accrual of the cause of action." N.J. STAT. ANN. § 59:8–8. The NJTCA notice requirement has several rationales. It "allows the public entity time to review the claim and to promptly investigate the facts and prepare a defense; provides them an opportunity to settle meritorious claims before bringing suit; grants them an opportunity to correct the conditions which gave rise to the claim; and allows them to inform the State in advance as to the expected liability." Evans v. Gloucester Twp., 124 F. Supp. 3d 340, 354 (D.N.J. 2015) (citing Velez v. City of Jersey City, 850 A.2d 1238, 1242 (N.J. 2004)).

Failure to comply with the NJTCA notice requirement precludes recovery against both a public employee and a public entity. See Velez, 850 A.2d at 1246, ("Although we note that the better practice is for a potential plaintiff to give notice to both the public entity and the public employee, N.J. STAT. ANN. § 59:8–8 only requires that notice be given to the public entity."). A plaintiff who fails to file such a claim within the 90-day

---

[1] The pre-suit notice requirement of the NJTCA applies only to the common law tort claims, not to any claims under the Federal or State constitutions. See Cty. Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 174 (3d Cir. 2006).

4

period is "forever barred from recovering against a public entity or public employee." N.J. STAT. ANN. § 59:8–8. Thus, a plaintiff's failure to file the required pre-suit notice will result in the dismissal of his tort claims. Ingram v. Twp. of Deptford, 858 F. Supp. 2d 386, 400 (D.N.J. 2012).

Although Mr. Alvarado provides evidence that he did in fact timely notify Defendants, the pleadings in the complaint do not indicate that he filed any such pre-suit notices required by the NJTCA. The Court will dismiss all of his state law tort claims based on Mr. Alvarado's failure to plead facts which suggest that he complied with the NJTCA's notice requirement prior to bringing the tort claims in the present lawsuit. See, e.g., Id. ("The Plaintiff's complaint does not allege that she filed notice in accordance with the statute. Therefore, the Plaintiff's complaint fails to state a claim for negligence and assault and battery and must be dismissed."). Dismissal of these claims is without prejudice. Plaintiff may amend in accordance with the timeframe outlined in the accompanying Order that will be entered.

## II. Officers Acting in Their Official Capacity

Defendants request that all Section 1983 claims against defendant officers in their official capacities be dismissed. Defendants contend that to sue based on each defendant officer's official capacity is the equivalent of suing their municipal employers, and therefore, is duplicative. The Court agrees that such official capacity claims are duplicative. See Irene B. v. Phila. Acad. Charter Sch., No. 02–1716, 2003 WL 24052009, at *9 (E.D. Pa. Jan.29, 2003) ("Since official-capacity suits generally represent only another way of pleading an action against an entity of which the officer is an agent, it is appropriate to dismiss the claims against the individual in his official capacity and retain them against the real party in interest.") (internal quotation omitted); A.M. v.

5

Luzerne County Juvenile Detention Ctr., 372 F.3d 572, 580 (3d Cir. 2004) ("A suit against a governmental official in his or her official capacity is treated as a suit against the governmental entity itself."); see also Kentucky v. Graham, 473 U.S. 159, 165–66, (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") Accordingly, the Court will dismiss with prejudice Count Nine as against Defendants Chief Stranahan and any other defendant officer in their respective official capacity.

### III. Sufficiency of Municipality Claim

Defendants argue that Plaintiff has not sufficiently plead his municipality liability claim. Plaintiff's Constitutional claims are governed by Title 42 U.S.C. § 1983, which provides a civil remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. See Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992). 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 is a remedial statute designed to redress deprivations of rights secured by the Constitution and its subordinate federal laws. See Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979). Therefore, Section 1983 "does not . . . create substantive rights." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Baker, 443 U.S. at 145 n.3).

To state a cognizable claim under Section 1983, a plaintiff must allege a "deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law." Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (citing Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996)). Thus, a plaintiff must demonstrate two essential elements to maintain a claim under Section 1983: (1) that the plaintiff was deprived of a "right or privileges secured by the Constitution or the laws of the United States" and (2) that plaintiff was deprived of his rights by a person acting under the color of state law. Williams v. Borough of West Chester, Pa., 891 F.2d 458, 464 (3d Cir. 1989). More specifically, "[w]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) (citing Monell v. Dep't of Social Servs. New York City, 436 U.S. 658 (1978)). Monell created a "two-path track" to municipal liability, that hinged on whether the claim is premised on a municipal policy or custom. Id.

In Andrews v. City of Philadelphia, the Third Circuit expanded on these two sources of liability:

> A government policy or custom can be established in two ways. Policy is made when a 'decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action' issues an official proclamation, policy, or edict. A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanently and well-settled' as to virtually constitute law.

895 F.2d 1469, 1480 (3d Cir. 1990) (quoted in Beck, 89 F.3d at 971) (citations omitted).

7

Custom requires proof of knowledge and acquiescence by the decisionmaker. Watson v. Abington Twp., 478 F.3d 144, 154 (3d Cir. 2007); Beck, 89 F.3d at 971.

Additionally, "[w]here a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 405 (1997). For determining whether a municipality should be held liable under § 1983, "deliberate indifference" is the relevant standard. Id. at 410-11. "Deliberate indifference" is a stringent standard of fault, requiring proof that a municipal actor consciously disregarded a known or obvious consequence of his or her action. Id. Moreover, a plaintiff must demonstrate that a municipal decision reflected deliberate indifference to the risk that a violation of a particular constitutional right would follow the decisions. Id. "[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to a municipality. The Plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. at 404.

Here, Plaintiff's Monell municipal liability claim rests on the following allegations in the complaint:

> The Defendant Police Chief John T. Stranahan, Sr. and the Borough of Penns Grove Police Department had a policy, practice and/or custom of permitting its police officers to infringe upon the rights of its citizens, including but not limited to Plaintiff, Ramon Alvarado.
>
> Defendant Police Chief John T. Stranahan, Sr. and the Borough of Penns Grove Police Department had a pattern, practice and/or custom of failing to

> investigate allegations of police violations, and permitted its police officers to engage in conduct that violated the rights of its citizens.
>
> Defendant Police Chief John T. Stranahan, Sr. was the final policymaker for the Borough of Penns Grove Police Department in the area of police policies and procedures.
>
> Defendant Police Chief John T. Stranahan, Sr. had an ongoing policy, practice and/or custom of failing to investigate allegations of police misconduct, failing to discipline police officers, failing to properly follow the Attorney General Guidelines, failing to properly train police officers on the proper use of force, probable cause to arrest, and acquiescing in the matters of police misconduct.
>
> As a direct and proximate result of the aforementioned policy, custom and/or practice, Plaintiff, Ramon Alvarado's, civil rights were violated.
>
> As a direct and proximate result of the aforementioned policy, custom and/or practice, Plaintiff, Ramon Alvarado, suffered the aforesaid injuries and damages including violations of his civil and constitutional rights.

[Dkt. No. 1, ¶¶ 45-50.]

The facts, as pleaded, are insufficient to survive a motion to dismiss. While a complaint "need not necessarily plead all details of the prior acts giving rise to the municipality's unconstitutional policy or custom," the complaint must provide sufficient factual content for the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." Ingram, 911 F. Supp. 2d at 300-303. Plaintiff's complaint "offers only bald assertions that [discriminatory] policies or customs existed without any support that would suggest that what [allegedly happened was not the result of] idiosyncratic actions of individual public actors." See Miles v. City of Philadelphia, No. CIV.A. 11-4040, 2013 WL 125186, at *5 (E.D. Pa. Jan. 10, 2013) (citing Burke v. Twp. of Cheltenham, 742 F. Supp. 2d 660, 675 (E.D.Pa.2010)). Plaintiff merely argues that discriminatory policies exist, and therefore, Plaintiff's civil and constitutional rights were violated; this is insufficient. See Id.

9

Dismissal of this claim is without prejudice. Plaintiff may amend in accordance with the timeframe outlined in the accompanying Order that will be entered.

### IV. Punitive Damages Against the Borough of Penns Grove.

Defendants argue that punitive damages cannot be brought against the Borough of Penns Grove via Plaintiff's claims. The Court agrees. Punitive damages are not available against a municipality pursuant to 42 U.S.C. § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 260-71 (1981) ("It was generally understood by 1871 that a municipality, like a private corporation, was to be treated as a natural person subject to suit for a wide range of tortious activity, but this understanding did not extend to the award of punitive or exemplary damages."); see also McCullough v. City of Atlantic City, 137 F. Supp. 2d 557, 570 (D.N.J. 2001).

Moreover, the NJTCA specifically bars a plaintiff from seeking punitive damages against a township or chief of police. N.J. STAT. ANN. § 59:9–2(c). The NJTCA states that "[n]o punitive or exemplary damages shall be awarded against a public entity." Id. This provision is generally applicable to New Jersey common law claims. See, e.g., Mantz v. Chain, 239 F. Supp. 2d 486, 508 (D.N.J. 2002) (holding that the NJTCA barred plaintiff's claim for punitive damages against public entities for assault and battery by state troopers); see also Ramirez v. United States, 998 F. Supp. 425, 438 (D.N.J.1998) (barring a claim for punitive damages against public entities for alleged negligence, false imprisonment, and false arrest by INS agents). Plaintiff concedes this point, and as such, the punitive damage claims against the Borough of Penns Grove are dismissed with prejudice.

## **Conclusion**

For the reasons stated above, Defendants' partial Motion to Dismiss [Dkt. No. 15] will be granted.

An appropriate Order shall issue.

Dated: July 8, 2020

                                                                                  /s/ Joseph H. Rodriguez
                                                                                  Hon. Joseph H. Rodriguez,
                                                                                  UNITED STATES DISTRICT JUDGE