**Attorney ID – TG-3528**
**Todd J. Gelfand, Esquire**
**BARKER, GELFAND, JAMES & SARVAS**
A PROFESSIONAL CORPORATION
Linwood Greene, Suite 12
210 New Road
Linwood, New Jersey 08221
(609) 601-8677
TGelfand@BarkerLawFirm.net

Attorney for Defendants, Joseph Johnson, Paul Psensky (mis-identified in the caption as "**Psenski**"), Curt (mis-identified in the caption as "**Curtis**") Catalano, the Borough of Penns Grove and Borough of Penns Grove Police Chief John T. Stranahan (mis-identified in the caption as "**Stranhan**")

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAMON ALVARADO,<br><br>              Plaintiff,<br><br>                    vs.<br><br>JOSEPH JOHNSON, NATE PINO, PAUL PSENSKI, CURTIS CATALANO, JOHN DOES 1-25 (fictitious names), BOROUGH OF PENNS GROVE, BOROUGH OF PENNS GROVE POLICE CHIEF JOHN T. STRANHAN, SR., JOHN DOES 26-50 (fictitious names),<br><br>              Defendants. | Docket Number<br>1:19-cv-18574-JHR-JS<br>Civil Action<br><br><br>**PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT BY DEFENDANTS** |

**TABLE OF CONTENTS**

I. PREAMBLE......................................................1

II. LEGAL ARGUMENT...............................................2

    A. Standard of Review .......................................2

    B. Plaintiff's tort claims should be dismissed because Plaintiff has not pled that he filed a timely notice of tort claim ..................................................4

    C. Plaintiff's municipal liability claim is insufficiently pled and should therefore be dismissed. .................8

       1. The Amended Complaint does not allege sufficient facts to suggest municipal liability........................8

       2. The Amended Complaint does not allege sufficient facts to suggest Chief Stranahan's individual liability....11

    D. Plaintiff's municipal liability claim should be dismissed with prejudice as Plaintiff was provided notice of the deficiencies in the initial pleading and failed to correct them in the amended pleading ..........................14

III. CONCLUSION..................................................15

i

**TABLE OF CITATIONS**

Ashcroft v. Iqbal,
    556 U.S. 662, 663 (2009).....................................3
    556 U.S. 662, 678 (2009)................................3,9,11
    556 U.S. at 678..............................................3

Bd. Of County Com'rs of Bryan County, Okl. V. Brown,
    520 U.S. 397, 410 (1997)....................................9

Badalamente v. Monmouth County Prosecutor's Office,
    2011 U.S. Dist. LEXIS 53457, at *8 (D.N.J. May 17, 2011)
    ............................................................5

Beck v. City of Pittsburgh,
    89 F.3d 966, 971 (3d Cir. 1996).............................8

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544, 555, (2007)...............................2,3,11
    550 U.S. 544 (2007).........................................3
    550 US at 557...............................................3

Bethea v. Roizman,
    2012 U.S. Dist. LEXIS 89093, at *52 (D.N.J. June 27,
        2012)...................................................5

Borrello v. Elizabeth Bd. of Educ.,
    2014 U.S. Dist. LEXIS 97345, *7 (D.N.J. July 17, 2014)..4,11

Castillo-Perez v. City of Elizabeth,
    2014 U.S. Dist. LEXIS 55315, at *37 (D.N.J. Apr. 21,
        2014)...................................................5

City of Oklahoma City v. Tuttle,
    471 U.S. 808, 823-24 (1985)................................10

Connick v. Thompson,
    563 U.S. 51 (2011)..........................................8

Dare v. Twp. of Hamilton,
    2013 U.S. Dist. LEXIS 164129, at *19-20 (D.N.J. November
        18, 2013)............................................12,13

Davis v. Danberg,
    2012 U.S. Dist. LEXIS 2167, at *9-10 (D. Del. January 9,
        2012)..................................................12

D.D. v. Univ. of Med. & Dentistry of N.J.,
    213 N.J. 130, 61 A.3d 906 (2013)............................7

Eagan v. Boyarsky,
    158 N.J. 632, 641 (1999)...................................7

Grandizio v. Smith,
    2015 U.S. Dist. LEXIS 133, at *15 (D.N.J. January 5,
        2015)..................................................9

In re K-Dur Antitrust Litig.,
    338 F. Supp. 2d 517, 529 (D.N.J. 2004).....................2

In re Nice Sys., Ltd. Sec. Litig.,
    135 F. Supp. 2d 551, 565 (D.N.J. 2001).................4,11

Ingram v. Twp. of Deptford,
    858 F. Supp. 2d 386, 400 (D.N.J. 2012).....................5
    911 F. Supp. 2d 289, 300-303 (D.N.J. 2012).................9

Malobabich v. Norfolk S. Ry. Co.,
    2013 U.S. Dist. LEXIS 38883, at *11-12 (W.D. Pa. Mar.
        21, 2013).............................................15

McKenna v. City of Philadelphia,
    582 F.3d 447, 460 (3d Cir. 2009)..........................12

McTernan v. City of York, Pa.,
    564 F.3d 636, 657 (3d Cir. 2009)...........................8

Miles v. City of Phila.,
    2013 U.S. Dist. LEXIS 3843, at *13 (E.D. Pa. January 10,
        2013)...............................................9,11

Monell v. New York City Dep't of Soc. Servs.,
    436 U.S. 658, 691 (1978)...............................8,9,10

Murdock v. Borough of Edgewater,
    2011 U.S. Dist. LEXIS 126428, at *48-49 (D.N.J. November
        2, 2011).............................................10

Niblack v. Malbreen,
    2016 U.S. Dist. LEXIS 54675, at *10 (D.N.J. Apr. 25,
        2016)..................................................6

Rios v. City of Bayonne,
    2013 U.S. Dist. LEXIS 161082, at *26 (D.N.J. Nov. 12,
        2013)...............................................12

Rodriguez v. City of Camden,
    2011 U.S. Dist. LEXIS 9981 (D.N.J. February 2, 2011)......13

Sample v. Diecks,
    885 F.2d 1099, 1117-18 (3d Cir. 1989).....................12

Scott v. N.J. State Police,
    2015 U.S. Dist. LEXIS 92448, at *4-5 (D.N.J. July 16,
        2015)................................................6

Stanziale v. Brown-Minneapolis Tank ULC, LLC (In re BMT-NW
        Acquisition, LLC),
    582 B.R. 846, 867 (Bankr. D. Del. 2018)...................14

U.S. Bank Nat'l Ass'n v. Gerber,
    2019 U.S. Dist. LEXIS 46769, at *9 (M.D. Pa. Mar. 21,
        2019)...............................................14

Williams v. City of Elizabeth,
    2010 U.S. Dist. LEXIS 93921, 2010 WL 3636238, at *12
        (D.N.J. Sept. 9, 2010)...............................5

**I.   PREAMBLE**

The Defendants hereby move for partial dismissal of certain claims in the Amended Complaint. Previously, this Court granted Defendants' motion to for partial dismissal, filed on or about May 5, 2020. Certain claims and counts were dismissed without prejudice and Plaintiff was granted thirty (30) days to file an amended pleading. Plaintiff filed his Amended Complaint on August 6, 2020. For the reasons set forth herein, the Amended Complaint fails to correct the deficiencies in the initial Complaint.

Plaintiff, Ramon Alvarado, alleges that on two occasions, June 14, 2018 and September 22, 2018, Borough of Penns Grove assaulted and falsely arrested him. As will be explained in detail below, several of Plaintiff's claims should be dismissed.

First, Plaintiff's tort claims should be dismissed with prejudice because it is clear that Plaintiff did not file a timely notice of tort claim. Plaintiff fails to allege timely notice in the Amended Complaint, and thus Plaintiff's tort claim are subject to dismissal for that reason alone. Plaintiff's failure to plead timely notice aside, it is clear the that alleged notices provided as an exhibit to Plaintiff's opposition to Plaintiff' s initial motion to dismiss were not timely. Thus, any further amendment to the pleading with regard to the tort claims would be futile.

Furthermore, Plaintiff's municipal liability claim (Count Nine) against the Borough of Penns Grove and Chief Stranahan should

be dismissed with prejudice because the Amended Complaint still does not provide a sufficient factual basis for the claim and Plaintiff has now had sufficient notice and opportunity to provide those fact. This Court should therefore conclude that those facts do not exist and thus dismiss Plaintiff's municipal liability claim with prejudice.

## II. LEGAL ARGUMENT

### A. Standard of Review

Defendants move for dismissal in accord with Fed. R. Civ. P. 12(c). Motions to dismiss pursuant to Fed. R. Civ. P. 12(c) are governed by the same standards as motions brought pursuant to Fed. R. Civ. P. 12(b)(6). In re K-Dur Antitrust Litig., 338 F. Supp. 2d 517, 529 (D.N.J. 2004). A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007) (internal citations omitted). Furthermore:

> "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, … a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

Id. (internal citations omitted).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). As the Court held in Bell Atlantic Corp., et al. v. Twombly et. al., 550 U.S. 544 (2007), the pleading standard Rule 8 demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id. at 555; (internal citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) citing, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) citing, Twombly, 550 US at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 US 662, 678 (2009) (internal citations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are "merely consistent

with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

"[L]egal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness." Borrello v. Elizabeth Bd. of Educ., 2014 U.S. Dist. LEXIS 97345, *7 (D.N.J. July 17, 2014), citing, Iqbal, 556 U.S. at 678; In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

### B. Plaintiff's tort claims should be dismissed with prejudice because Plaintiff cannot establish that he filed a timely notice of tort claim

Plaintiffs' tort claims, Counts Six thought Eight, should be dismissed with prejudice. First, Plaintiff does not allege that he complied with the notice requirements of the New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. § 59:8-1. The NJTCA provides that "[n]o action shall be brought against a public entity or public employee under [the NJTCA] unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J.S.A. § 59:8-3. Chapter 8 of the NJTCA requires a claimant to file a Notice of Claim. Id. at § 59:8-4. The notice must be signed and filed with the public entity within 90 days of the accrual of the cause of action. Id. at § 59:8-8. "The claimant shall be forever barred from recovering against a public entity or employee if . . . [he] failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise

provided in section 59:8-9." Badalamente v. Monmouth County Prosecutor's Office, 2011 U.S. Dist. LEXIS 53457, at *8 (D.N.J. May 17, 2011).

In the instant case, the Amended Complaint fails to allege any facts to suggest that Plaintiff complied with the notice requirement of the NJTCA and therefore Plaintiff's tort claims: assault and battery (Count Six), malicious prosecution (Count Seven), and negligence (Count Eight), may be dismissed on that basis alone. See, e.g., Ingram v. Twp. of Deptford, 858 F. Supp. 2d 386, 400 (D.N.J. 2012) ("It is undisputed that the Defendants are public entities and employees and therefore, the notice provisions of the NJTCA apply to Plaintiff's tort claims. The Plaintiff's complaint does not allege that she filed notice in accordance with the statute. Therefore, the Plaintiff's complaint fails to state a claim for negligence and assault and battery and must be dismissed."); Castillo-Perez v. City of Elizabeth, 2014 U.S. Dist. LEXIS 55315, at *37 (D.N.J. Apr. 21, 2014) ("A state malicious prosecution claim is 'subject to the notice requirements of the [NJ]TCA.'"), quoting, Williams v. City of Elizabeth, 2010 U.S. Dist. LEXIS 93921, 2010 WL 3636238, at *12 (D.N.J. Sept. 9, 2010); Komis v. Owens, 2016 U.S. Dist. LEXIS 158346, at *3 (D.N.J. Nov. 16, 2016) (dismissing the plaintiff's negligence claim for failure to plead facts to suggest compliance with the NJTCA notice requirement); Bethea v. Roizman, 2012 U.S. Dist. LEXIS 89093, at

*52 (D.N.J. June 27, 2012) ("The Plaintiffs' tort claims will be dismissed against the DCA Defendants as the Plaintiffs have failed to plead compliance with the notice requirements of the NJTCA."); <u>Niblack v. Malbreen</u>, 2016 U.S. Dist. LEXIS 54675, at *10 (D.N.J. Apr. 25, 2016) ("Under New Jersey law, Plaintiff is required to file the notice of claims before he initiates any state law tort action against Moving Defendants. See N.J.S.A. § 59:8-3. As such, Plaintiff must demonstrate, at the time he filed the Complaint, that such notice of claims had already been served."); <u>Scott v. N.J. State Police</u>, 2015 U.S. Dist. LEXIS 92448, at *4-5 (D.N.J. July 16, 2015) ("[The plaintiff] has failed to plead compliance with the NJTCA and his tort claims must be DISMISSED WITH PREJUDICE.").

  Furthermore, it is clear from the alleged tort claim notice Plaintiff attached as an exhibit to his brief in opposition to Defendants' initial motion to dismiss, that Plaintiff did not file the notice within the prescribed ninety (90) day deadline. (See, EXC #16, pages 3-11). Plaintiff's Amended Complaint sets forth two alleged incidents, one which occurred on June 14, 2018 and one which on September 22, 2018. The date on all of the notices of tort claim provided by Plaintiff is January 4, 2019. January 4, 2019 is 104 days from September 22, 2018. Thus, it is clear that

none of the notices of tort claim were timely submitted.[1] Nonetheless, N.J.S.A. 59:8-9 permits an extension of the filing time for a notice of tort claim to one year after the accrual of the claim for "extraordinary circumstances" and where the public entity is not prejudiced. See, Eagan v. Boyarsky, 158 N.J. 632, 641 (1999). In the instant case, Plaintiff does not allege any "extraordinary circumstances" in the Amended Complaint. Indeed, as described above, the Amended Complaint fails to set forth any facts whatsoever regarding Plaintiff's compliance with the notice requirement of the NJTCA. While "extraordinary circumstances" has not been specifically defined, the New Jersey Supreme Court has made it clear that attorney negligence or ignorance of the deadline is not sufficient to constitute "extraordinary circumstances" under N.J.S.A. 59:8-9. See, D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 61 A.3d 906 (2013).

In the instant case, Plaintiff cannot establish "extraordinary circumstances" to justify the untimely tort claim notice. Thus, Plaintiff's tort claims, requirement of the NJTCA and therefore Plaintiff's tort claims: assault and battery (Count

---

[1] Defendants recognize that they are technically going outside the pleading in asserting this argument; nonetheless, it is Defendants' position that this is appropriate under the circumstances and that Court may considers these notice without converting this motion into one for summary judgment, especially given that Plaintiff has already provided them to the Court. See, e.g., Thomasian v. N.J. Inst. of Tech., 2009 U.S. Dist. LEXIS 7900, at *2 n.3 (D.N.J. Feb. 3, 2009).

Six), malicious prosecution (Count Seven), and negligence (Count Eight), should be dismissed with prejudice.

### C. **Plaintiff's municipal liability claim is insufficiently pled and should therefore be dismissed**

Plaintiff's Count Nine, a municipal liability claim pursuant to 42 U.S.C. 1983, should be dismissed. As will be explained below, Plaintiff's municipal liability claim is insufficiently pled.

#### 1. The Amended Complaint does not allege sufficient facts to suggest municipal liability

Under 42 U.S.C. § 1983, municipalities cannot be held liable on a *respondeat superior* theory. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, a municipality can only be held liable under § 1983 "when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." McTernan v. City of York, Pa., 564 F.3d 636, 657 (3d Cir. 2009), quoting, Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996)). "The plaintiff must show that (1) a policymaker had (2) notice that a constitutional violation was likely to occur, (3) acted with deliberate indifference to the risk, and (4) the failure to act caused the constitutional violation." Connick v. Thompson, 563 U.S. 51 (2011). "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence

of his action." Id., quoting, Bd. Of County Com'rs of Bryan County, Okl. V. Brown, 520 U.S. 397, 410 (1997).

In the instant case, Plaintiff's Monell claim fails because it is insufficiently pled.

> *Plaintiff may not simply include a Monell claim in his Complaint as a matter of course by making the conclusory allegation that the alleged constitutional deprivations were due to a policy or custom of the Borough. Rather, Plaintiff must allege some actual facts suggesting as much.*

Grandizio v. Smith, 2015 U.S. Dist. LEXIS 133, at *15 (D.N.J. January 5, 2015); see also, Ingram v. Twp. of Deptford, 911 F. Supp. 2d 289, 300-303 (D.N.J. 2012)(explaining that while a complaint "need not necessarily plead all details of the prior acts giving rise to the municipality's unconstitutional policy or custom," the Complaint must provide sufficient factual content for the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged"), citing, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint which "offers only bald assertions that discriminatory policies or customs existed without any support that would suggest that what allegedly happened to [the plaintiff] was not the result of idiosyncratic actions of individual public actors" is not sufficiently pled and should be dismissed. Miles v. City of Phila., 2013 U.S. Dist. LEXIS 3843, at *13 (E.D. Pa. January 10, 2013) (dismissing the plaintiff's Monell claims on a 12(b)(6) motion as insufficiently pled because

plaintiff's complaint alleged no facts to suggest an illegal policy or custom but merely made the conclusory allegation that alleged violations were due to an illegal custom or policy).

Furthermore, "the Supreme Court stated that '[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell' when the municipal actor does not have policymaking authority." Ingram, 911 F. Supp. 2d at 300-03. quoting, City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985); see also, Murdock v. Borough of Edgewater, 2011 U.S. Dist. LEXIS 126428, at *48-49 (D.N.J. November 2, 2011) ("Usually, one incident is not sufficient to establish a custom that can give rise to municipal liability. Instead, plaintiff needs to show that officials, such as [the police chief], were aware of a number of similar constitutional violations by the [municipality's] police officers and knew of ways to prevent them, but either deliberately chose not to pursue these alternatives or acquiesced in a longstanding policy or custom of inaction in this regard.")(*internal quotations and citations omitted*).

In the instant case, Plaintiff's Amended Complaint fails to add any actual facts to suggest that any of the alleged constitutional violations suffered by Plaintiff were the result of an illegal custom or policy of the Borough of Penns Grove and/or Chief Strahan. The Amended Complaint merely adds further conclusory allegations and recitations of the cause of action. The

conclusory allegations in the Amended Complaint are not facts which are entitled to the presumption of truth. Borrello v. Elizabeth Bd. of Educ., 2014 U.S. Dist. LEXIS 97345, at *7 (D.N.J. July 17, 2014) ("[L]egal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness."), citing, Iqbal, 556 U.S. at 678; In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001); Miles v. City of Phila., 2013 U.S. Dist. LEXIS 3843, at *13 (E.D. Pa. January 10, 2013)(explaining that a complaint which "offers only bald assertions that discriminatory policies or customs existed without any support that would suggest that what allegedly happened to [the plaintiff] was not the result of idiosyncratic actions of individual public actors" is not sufficiently pled and should be dismissed."). In the instant case, Plaintiff's municipal liability claims against Penns Grove (Count Nine) do not satisfy the Twombly/Iqbal pleading standard and should therefore be dismissed.

    **2.    The Amended Complaint does not allege sufficient facts to suggest Chief Stranahan's individual liability**

Given that this Court previously dismissed any official capacity claims against Chief Stranahan with prejudice, insofar as Plaintiff's Amended Complaint sets forth claims against Chief Strahan, those claims must be construed as being against Chief Stranahan in his individual capacity. In that regard, the Amended Complaint does not add any facts to suggest the personal

involvement of Chief Stranahan in any of the alleged wrongful conduct against Plaintiff.

"A supervisor, such as a chief of police, may be held liable under Section 1983 and the NJCRA if that supervisor was 'involved personally, meaning through personal direction or actual knowledge and acquiescence, in the wrongs alleged.'" Rios v. City of Bayonne, 2013 U.S. Dist. LEXIS 161082, at *26 (D.N.J. Nov. 12, 2013), citing, McKenna v. City of Philadelphia, 582 F.3d 447, 460 (3d Cir. 2009). In order for a plaintiff's 42 U.S.C. 1983 claim against a public official in their individual capacity to survive a motion to dismiss on the pleadings "[f]acts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; e.g., supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were 'the moving force' behind the harm suffered by the plaintiff.'" Dare v. Twp. of Hamilton, 2013 U.S. Dist. LEXIS 164129, at *19-20 (D.N.J. November 18, 2013), citing, Sample v. Diecks, 885 F.2d 1099, 1117-18 (3d Cir. 1989); see also, Davis v. Danberg, 2012 U.S. Dist. LEXIS 2167, at *9-10 (D. Del. January 9, 2012)

(dismissing a plaintiff inmate's claims against the facility's Commissioner, Deputy Commissioner, Bureau Chief, Warden, Deputy Warden, and Captain because the Complaint alleged no facts regarding their personal involvement in the alleged constitutional violation or in creating an illegal custom or policy that resulted in the alleged constitutional violation); Rodriguez v. City of Camden, 2011 U.S. Dist. LEXIS 9981 (D.N.J. February 2, 2011). In Dare, the plaintiff's Complaint alleged no facts to suggest the Police Chief's personal involvement in the alleged constitutional violation.  Rather, the complaint contained "the bare allegation that 'there was participation by upper management of the Township of Hamilton Police Department, under color of State law, in connection with the deprivation of the rights of Plaintiff, that evidences the customs, patterns, practices, and procedures of Defendants to retaliate and violate the civil rights of Plaintiff.'"  Id. at *20.  The complaint in Dare "alleged no facts indicating that [the Police Chief] directed the deprivation of a plaintiff's constitutional rights or created policies to that effect."  Id.  Thus, the court dismissed the plaintiff's claims against the Police Chief in his personal capacity.

In the instant case, the Amended Complaint does not set forth any facts in the Complaint to suggest that Chief Strahan directed the violation or established a policy or custom which the other Defendant officers followed, and which resulted in the

constitutional violation. The Amended Complaint simply adds additional conclusory allegations and recitations of the cause of action. Thus, Plaintiff's 42 U.S.C. 1983 claim (Count Nine) against Chief Strahan should be dismissed.

### D. **Plaintiff's municipal liability claim should be dismissed with prejudice as Plaintiff was provided notice of the deficiencies in the initial pleading and failed to correct them in the amended pleading**

Plaintiff's municipal liability claim should be dismissed with prejudice. Plaintiff was provided notice of the deficiencies in the initial pleading and an opportunity to correct those deficiencies. Plaintiff failed to do so. As such, this Court should conclude that Plaintiff does not possess those facts and that any further amendment would be futile. In short, Plaintiff should not be provided a "third bite" at the proverbial apple. See, e.g., U.S. Bank Nat'l Ass'n v. Gerber, 2019 U.S. Dist. LEXIS 46769, at *9 (M.D. Pa. Mar. 21, 2019) (finding that the plaintiff was provided notice and instruction regarding the pleading deficiencies in the Court's initial decision dismissing the claim without prejudice, that the plaintiff failed to correct the deficiencies, and dismissing the claim with prejudice because allowing further amendment be futile); Stanziale v. Brown-Minneapolis Tank ULC, LLC (In re BMT-NW Acquisition, LLC), 582 B.R. 846, 867 (Bankr. D. Del. 2018) ("Since the Trustee had ample time to gather the pertinent facts to support his claims, the Court

denies leave to amend for a third bite at the apple as being futile."); Malobabich v. Norfolk S. Ry. Co., 2013 U.S. Dist. LEXIS 38883, at *11-12 (W.D. Pa. Mar. 21, 2013) ("The Court concludes that further attempts to amend the complaint would be inequitable and/or futile. [The plaintiff] had full notice of NSR's argument regarding the alleged lack of a causal link and filed an Amended Complaint. As explained above, the amendment was unsuccessful. The Court will not provide an opportunity for a third bite at the apple.").

### III. CONCLUSION

For the reasons set forth above, it is respectfully requested that the Court:

- Dismiss all of Plaintiff's tort claims (Count Six, Count Seven, and Count Eight) with prejudice;

- Dismiss Plaintiff's municipal liability claim (Count Nine) against the Borough of Penns Grove and Defendant Stranahan with prejudice.

Respectfully Submitted,

**BARKER, GELFAND, JAMES & SARVAS**
**a Professional Corporation**

By: s/Todd J. Gelfand
    Todd J. Gelfand, Esquire

Dated: September 11, 2020