CATALANO LAW
RANDY P. CATALANO, ESQUIRE
ATTORNEY ID# 024491982
401 Kings Highway South, Suite 4A
Cherry Hill, NJ   08034
T: (856) 281-9860
F: (856) 281-9859
Email: rcatalano@catalanolaw.net

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMON ALVARADO,<br><br>                              **Plaintiffs,**<br><br>**vs.**<br><br>**JOSEPH JOHNSON, NATE PINO, TRAVIS PAUL, PAUL PSENSKI, CURT CATALANO, JOHN DOES 1-25 (fictitious names), BOROUGH OF PENNS GROVE, BOROUGH OF PENNS GROVE POLICE CHIEF JOHN T. STRANAHAN, SR., JOHN DOES 26-50 (fictitious names),**<br><br>                              **Defendants.** | **CIVIL ACTION NO.   1:19-cv-18574-JHR-JS**<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiff, Ramon Alvarado, by way of Complaint says:

## <u>COUNT ONE</u>
(Jurisdiction and Venue)

1.      Plaintiff, Ramon Alvarado, brings this action against defendants to recover damages for deprivation and violation of his constitutional rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, by 42 U.S.C. § 1983 and also by the New Jersey Constitution.

2.     Plaintiff seeks redress for defendants' violations of his Fourth Amendment rights to be free from excessive force, unlawful arrest, false imprisonment, and malicious prosecution; for their violations of his capital and Fourteenth Amendment rights to due process of law; for their violation of his rights provided 42 U.S.C. § 1983; for conspiring with each other to violate his rights under the Fourth and Fourteenth Amendments; and for their violations of constitutional rights, including but not limited to his rights to be free from excessive force, false arrest, false imprisonment, malicious prosecution, malicious abuse of process, intimidation, retaliation, emotional distress and negligent acts and for defendants' conspiracy to commit these violations.

3.     This court has jurisdiction over this action under 28 U.S.C. § 1331 and 1343 (a) for violation of constitutional rights as provided in 42 U.S.C. § 1983.   Plaintiff seeks monetary damages as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4.     Plaintiff also invokes the supplemental jurisdiction of this court over his state law claims against defendants pursuant to 28 U.S.C. § 1367 because these claims form a part of the same case or controversy.

5.     Venue is proper in the District Court pursuant to 28 U.S.C. § 1391 because the acts which form the basis of these claims occurred in the Borough of Penns Grove, County of Salem, State of New Jersey.

## COUNT TWO
(Parties)

6.     Plaintiff, Ramon Alvarado, is an individual who previously resided at 142 South Broad Street, Penns Grove, New Jersey, but is currently incarcerated in the Mid-State Correctional Facility in Wrightstown, New Jersey.

2

7.      Defendant, Borough of Penns Grove, with its offices located at 1 State Street, Penns Grove, New Jersey, 08069, is a governmental entity, a local public entity and/or an instrumentality for the State of New Jersey, which manages, controls and/or is responsible for the actions of the Borough of Penns Grove Police Department and/or its employees.

8.      Defendant, Borough of Penns Grove, with its police department headquarters at 1 State Street, Penns Grove, New Jersey, 08069, is a governmental entity, a local public entity and/or an instrumentality for the State of New Jersey, which employs the police officers who carry out the day-to-day police duties within the Borough of Penns Grove and is the entity which is responsible for providing police protection to the residents, inhabitants, visitors and all other individuals within the lawful boundaries of the Borough of Penns Grove and perform all activities and services commonly provided by a police department.   At all times relevant hereto, Defendant, Borough of Penns Grove, was the employer of the police officers and/or other individuals involved in the subject incident which is more fully described hereinafter and was responsible for the supervision and conduct of said officers.

9.      Defendant, John T. Stranahan, Sr., Chief of Police, is the head of the Borough of Penns Grove Police Department and was employed by the Borough of Penns Grove, at all times relevant hereto and was ultimately responsible for the maintenance and control of public safety with the Borough of Penns Grove as well as the management, assignment of duties and ultimate supervision of all other police officers on the force.   At all times relevant hereto, the Chief of Police was the policy maker and held the ultimate decisional authority over the Penns Grove Police Department.

3

10.     Defendants, Joseph Johnson, Nate Pino, Paul Travis, Curt Catalano, and John Doe Police Officers 1-25 (fictitious names), were police officers employed by the Borough of Penns Grove and at all times relevant hereto were responsible for the maintenance and control of public safety for the Borough of Penns Grove.

11.     Defendants, John Does 26-50, are fictitious designations for unknown or unidentified parties to this action who were employees of the Borough of Penns Grove who may have been responsible for the actions and/or inactions of the other defendants named herein.

12.     At all times relevant hereto, the defendants, Chief of Police, John T. Stranahan, Sr., Joseph Johnson, Nate Pino, Paul Travis, Curt Catalano and/or John Doe Police Officers 1-25 (fictitious names), were acting under color of State Law pursuant to their sworn authority as police officers.

13.     In this action, the Plaintiff, Ramon Alvarado, asserts that he was deprived of his constitutional rights, privileges and immunities secured by the Fourth and Fourteenth Amendments.

## COUNT THREE
(Facts)

14.     At all relevant times alleged herein, Plaintiff, Ramon Alvarado, was a resident of the Borough of Penns Grove.

15.     The incidents in question took place on June 14, 2018 at 9:00 a.m. on Iona Avenue and September 22, 2018 at 2:00 p.m. on Wintergreen Lane, respectively, both in the Borough of Penns Grove.

16.     On June 14, 2018, Plaintiff, Ramon Alvarado, was assaulted by one or more of the individually named defendant Police Officers including the use of flashlight(s) and baton(s) as well as being restrained by handcuffs at the time.

17.     On September 22, 2018, Plaintiff, Ramon Alvarado, was assaulted by one or more of the individually named defendant Police Officers as well as Chief John T. Stranahan, Sr. including the use of flashlight(s), baton(s), fists, feet as well as being restrained in handcuffs at the time. Chief Stranahan actually participated in the chase and apprehension of the plaintiff.

18.     As a direct and proximate result of the assaults, upon the plaintiff , he was caused to suffer various personal injuries, including but not limited to lacerations, concussion, right hand, right arm, fractured ribs, swollen ankles and the loss of 2 teeth, specifically as a result of a punch to the mouth by defendant Officer Joseph Johnson (June 14, 2008) and lacerations, lumbar spine, pinched nerve in cervical spine and a punctured ear drum specifically as a result of being punched and kicked in the side of his head, while handcuffed, by defendant Officer Joseph Johnson (September 22, 2018) along with emotional distress from both incidents.

19.     The Defendants' actions also constituted a violation of Plaintiff's constitutional rights for which he is entitled to damages.

**COUNT FOUR**
(42 U.S.C. § 1983 Fourth Amendment Violations Against Individual Defendants)

20.     Plaintiff repeats and reasserts the contents of all preceding paragraphs as if set forth at length herein.

21.     Plaintiff's detention and wrongful arrest by the defendants jointly, severally and/or in the alternative was carried out with malice and without legal jurisdiction, probable cause or a reason that probable cause existed.

5

22.     The amount of force utilized in the arrest, detention, handcuffing and after being handcuffed of the plaintiff was clearly excessive under the circumstances and violated the plaintiff's federal and state constitutional rights to be free from unlawful arrest, seizure and/or excessive force.

23.     As a direct and proximate result of the unnecessary and grossly excessive use of force by the defendant Officers, Plaintiff sustained serious injuries of a temporary and permanent nature, experienced severe pain and suffering and emotional distress, incurred or will incur medical expenses in an effort to cure his injuries, was unable to attend, and in the future may be unable to attend to his usual and customary affairs, and was otherwise injured and damaged.

WHEREFORE, plaintiff, Ramon Alvarado, demands judgment against defendant Chief John T. Stranahan, Sr. as well as the individual Police Officers, Joseph Johnson, Nate Pino, Paul Travis, Curt Catalano, John Does 1-25 and John Does 26-50 (fictitious names).

## COUNT FIVE
(New Jersey State Constitution Violations Against Individual Defendants)

24.     Plaintiff repeats and reasserts the contents of all preceding paragraphs as if set forth at length herein.

25.     The aforesaid improper actions of defendant Chief John T. Stranahan, Sr. as well as the individual defendant Police Officers also violated Plaintiff's clearly established constitutional rights under the New Jersey State Constitution.

26.     Plaintiff is entitled to seek redress for the previously referenced improper actions in a private civil action pursuant to the New Jersey Civil Rights Act.

27.     As a direct and proximate result of the aforementioned violations of the Plaintiff's state law rights, he sustained the aforementioned injuries and damages.

6

28.     Plaintiff is also entitled to attorney fees pursuant to N.J.S.A. 10:6-2, for the claims set forth herein.

WHEREFORE, plaintiff, Ramon Alvarado, demands judgment against defendant Chief John T. Stranahan, Sr. as well as the individual Police Officers, Joseph Johnson, Nate Pino, Paul Travis, Curt Catalano, John Does 1-25 and John Does 26-50 (fictitious names), for compensatory damages and punitive damages together with interest, attorney fees and costs of suit.

_____
Randy P. Catalano, Esquire
Attorney for Plaintiff

Dated: 10-27-20

7